IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HEARTSOUTH, PLLC**                                                                                  **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 2:13-CV-6-KS-MTP**

**MCKESSON INFORMATION
SOLUTIONS, LLC**                                                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [3] filed by Defendant. Plaintiff does not have standing to pursue the claims asserted in the Complaint because it failed to specifically and unequivocally retain those claims in its Chapter 11 reorganization plan.

### I. BACKGROUND

In August 2009, Plaintiff entered into a contract with Defendant for the use of Defendant's "Practice Partner" software for electronic billing, medical records, and claim submissions to insurance carriers. Plaintiff alleges that Defendant delayed implementation of the software, and that the software had certain flaws which impaired its effectiveness. Plaintiff asserts these issues caused it to experience cash-flow problems which ultimately required it to file for bankruptcy.

Plaintiff filed a petition under Chapter 11 on April 1, 2010, and the Bankruptcy Court confirmed Plaintiff's Amended Plan of Reorganization [3-4] ("the Plan") on April 28, 2011. Plaintiff filed this case in the Circuit Court of Lamar County, Mississippi on December 13, 2012. Plaintiff asserted claims of breach of contract, breach of warranty,

and misrepresentation, seeking actual damages of $1,000,000.00 plus interest, fees, and punitive damages. Defendant removed the case and filed a motion to dismiss, which the Court now addresses.

## II. DISCUSSION

Defendant argues that Plaintiff has no standing to pursue the claims asserted in the Complaint because it failed to specifically and unequivocally preserve those claims in the Plan. "The filing of a bankruptcy petition creates an estate that is comprised of, among other things, all legal or equitable interests of the debtor in property as of the commencement of the case." *In re MPF Holdings US LLC*, 701 F.3d 449, 453 (5th Cir. 2012). All "rights of action, such as claims based on state or federal law" become part of the bankruptcy estate, and the power to pursue those claims rests with the bankruptcy trustee. *Id.* But "[i]n a Chapter 11 bankruptcy where the debtor assumes debtor-in-possession status, the debtor obtains most of the powers of a bankruptcy trustee, including the power to pursue claims belonging to the estate." *Id.* Once the "reorganization plan is confirmed by the bankruptcy court, the debtor loses its debtor-in-possession status and with it, standing to pursue the estate's claims." *Id.*

The Bankruptcy Code, however, allows a debtor to preserve its right to bring a post-confirmation action on a pre-petition claim. *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) (citing 11 U.S.C. § 1123(b)(3)). The plan must expressly provide for the claim's retention and enforcement by the debtor. *Id.* (citing 11 U.S.C. § 1123(b)(3)(B)). "The reservation must be specific and unequivocal," and it must identify the legal basis for the reserved claims. *Id.* at 355-56; *MPF Holdings*, 701 F.3d

2

at 455 n. 4. A blanket reservation of "any and all claims" is not sufficient. *United Operating*, 540 F.3d at 356. The Court may "consult the disclosure statement in addition to the plan" to determine the scope of a reservation. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 551 (5th Cir. 2011). "If a debtor has not made an effective reservation, the debtor has no standing to pursue a claim that the estate owned before it was dissolved." *United Operating*, 540 F.3d at 355.

Plaintiff concedes that it failed to include any reservation language in the Plan, but it argues that language in its First Amended Disclosure Statement [3-5] is sufficient to satisfy Section 1123(b)'s requirements. Defendant contends that Plaintiff's disclosures can not remedy a complete absence of reservation language in the Plan. The disclosures, Defendant argues, may supplement the Plan, but Plaintiff must still specifically and unequivocally retain the right to pursue its claims in the Plan. The Fifth Circuit has not specifically addressed this issue, and it is not necessary for this Court to do so.[1] Even if Plaintiff was not required to include reservation language in the Plan, the language in the disclosures did not provide specific and unequivocal

---

[1]The Court notes, however, that the statute plainly provides that "a *plan*" may provide for "the retention and enforcement" of any "claim or interest belonging to the debtor or to the estate" by the debtor. 11 U.S.C. § 1123(b)(3)(B) (emphasis added); *see also In re Ice Cream Liquidation, Inc.*, 319 B.R. 324, 333 n. 14 (Bankr. D. Conn. 2005) ("Language in the Disclosure Statement . . . even if otherwise adequate cannot satisfy Section 1123(b)(3)(B)'s requirement that the 'retention and [right of] enforcement' be set forth in the Plan."). Furthermore, both the facts and analysis of *Texas Wyoming Drilling* indicate that the disclosures are intended to supplement, rather than supplant, the plan's provisions addressing the retention of claims. *Texas Wyoming Drilling*, 647 F.3d at 551 (". . . courts may consult the disclosure statement in addition to the plan to determine whether a post-confirmation debtor has standing.").

notice to Plaintiff's creditors that it retained the right to pursue claims against Defendant arising from the sale of the "Practice Partner" software.

The "Pre-Petition History" section of Plaintiff's Amended Disclosure Statement [3-5] includes the following language:

> Heartsouth's present difficulties began in the Summer of 2009, when it decided to employ the services of McKesson Information Solutions to implement a unified billing and electronic medical records computer system across the Heartsouth clinic system. Despite assurances that the system was ready to go "live" in December, 2009, the system failed miserably in terms of being able to accurately code and transmit charges to Medicare and Blue Cross Blue Shield, two of the primary sources for patient payments.
>
> As a result of the failure of the McKesson system, cash flows abruptly dried up to a trickle.

The "Potential and Pending Litigation" section of the disclosures provides:

> As of the date of the filing of the Disclosure Statement, the Debtor was engaged in or had claims against the following:
>
> * * *
>
> 2. Potential litigation against McKesson Information Services for damages resulting from the failure of the implementation of the McKesson Information Systems by Heartsouth.

The disclosure statement contains no other provisions addressing Plaintiff's claims against Defendant.

Plaintiff argues that the two sections quoted above are sufficient to meet Section 1123(b)'s requirements. The problem, however, is that Plaintiff failed to specifically and unequivocally state that it retained the right to pursue the claims; it merely noted the existence of potential claims against Defendant arising from the software. The purpose of bankruptcy is to "secure prompt, effective administration and settlement

of all debtor's assets and liabilities within a limited time." *United Operating*, 540 F.3d at 355. Section 1123(b) requires the debtor to provide its creditors "notice of any claim it wishes to pursue after confirmation" of the reorganization plan, allowing the creditors "to determine whether a proposed plan resolves matters satisfactorily before they vote to approve it . . . ." *Id.* Without "specific and unequivocal retention language in the plan, creditors lack sufficient information regarding their benefits and potential liabilities to cast an intelligent vote." *Id.*; *see also Texas Wyoming*, 647 F.3d at 550.

The Court does not hold that reorganization plans must include "magic words." It is clear, though, "that a reorganization plan must contain a specific and unequivocal reservation in order for the debtor to have standing to pursue a claim post-bankruptcy." *MPF Holdings*, 701 F.3d at 454. Here, Plaintiff did not reserve or retain anything. It noted the existence of potential claims against Defendant, but it did not specifically and unequivocally reserve the right to pursue those claims after confirmation. Plaintiff's claims, therefore, belonged to the bankruptcy estate, and Plaintiff has no standing to pursue them.

### III. CONCLUSION

For the reasons stated above, the Court **grants** the Motion to Dismiss [3] filed by Defendant.

SO ORDERED AND ADJUDGED this 29th day of March, 2013.

                               *s/Keith Starrett*
                               UNITED STATES DISTRICT JUDGE